Kathleen L. DeSoto
GARLINGTON, LOHN & ROBINSON, PLLP
199 West Pine • P.O. Box 7909
Missoula, MT 59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
kldesoto@garlington.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ST. LUKE COMMUNITY HEALTH CARE, <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN SEBELIUS, as Secretary of the United States Department of Health and Human Services, MICHELLE SNYDER, as Acting Administrator of the Centers for Medicare and Medicaid, NORIDIAN ADMINISTRATIVE SERVICES, and BLUE CROSS BLUE SHIELD ASSOCIATION, <br><br> Defendants. | Cause No. CV-09-92-M-DWM-JCL <br><br><br> AMENDED COMPLAINT AND REQUEST FOR RELIEF |

COMES NOW the Plaintiff, St. Luke Community Health Care ("St. Luke"),

by and through its counsel of record, Garlington, Lohn & Robinson, PLLP, and submits the following Amended Complaint and Request for Relief:

JURISDICTION AND PARTIES

1. This is an action for judicial review of a final agency decision pursuant to 42 U.S.C. § 1395oo(f)(1) and venue is proper in this Court pursuant to 42 U.S.C. 1395oo(f)(1) and 28 U.S.C.§ 1391(b)(e).

2. This action arises under the Medicare Act, 42 U.S.C. §§ 1395 et seq., and the Administrative Procedures Act, 5 U.S.C. §§ 551 et seq.

3. Plaintiff St. Luke is a critical access hospital ("CAH") as defined in 42 U.S.C.§ 1395i-4 and a provider of hospital services in the Ronan, Montana area. St. Luke services Medicare beneficiaries in the same area.

4. Defendant Sebelius is the Secretary of the Department of Health and Human Services ("HHS") and is responsible for the administration of HHS including oversight of the operations of the Medicare program.

5. Defendant Centers for Medicare and Medicaid Services ("CMS," formerly known as "HCFA") is the HHS agency charged with the administration of Title XVIII of the Social Security Act (the "Medicare Act"). CMS contracts with regional fiscal intermediaries who administer payment for hospital services to Medicare beneficiaries.

6. At times pertinent to this Complaint, Defendant Blue Cross Blue Shield

Association ("BCBS") had the prime Medicare contract for providers and was the fiscal intermediary for the State of Montana.

7. Defendant Noridian Administrative Services ("Noridian") was awarded the A/B Medicare Administrative Contractor contract for Jurisdiction 3 (including Montana) on July 31, 2006.

8. The Provider Reimbursement Review Board ("PRRB" or the "Board") is the administrative adjudicative body for Medicare reimbursement disputes. The PRRB is comprised of five (5) members appointed by the Secretary who are to be knowledgeable in the area of payment for Medicare services. 42 U.S.C. §1395oo(h). The PRRB reviews reimbursement disputes arising from intermediary determinations and has the power to affirm, modify, or reverse intermediary determinations. 42 C.F.R. § 405.1869. The PRRB may not consider or decide challenges to the Medicare Act or regulations promulgated thereunder. 42 C.F.R. § 405.1867.

9. The PRRB issues a decision, including findings of fact and conclusions of law, which is final unless the Secretary, through his Administrator, on motion by the Intermediary or the provider, reverses, affirms or modifies the Board's determination within 60 days. A decision of the Administrator on review of a PRRB determination is the final agency decision. 42 U.S.C. § 1395oo(f).

10. Providers have the right to obtain judicial review of any final agency

action by a civil action if commenced within 60 days of the date on which notice is received from the PRRB or the Administrator on review. 42 U.S.C. § §1395oo(f)(1). Judicial review is proper if commenced under the provisions of the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq.

11. Providers' right to appeal is for a declaration that the final agency action at issue was arbitrary, capricious, an abuse of discretion, unwarranted on the facts on the record, not supported by substantial evidence, or otherwise contrary to applicable law.

## MEDICARE STATUTORY AND REGULATORY BACKGROUND

12. CMS is charged with administering the Medicare program, and it contracts out its payment and audit functions to insurance companies known as fiscal intermediaries. Fiscal intermediaries determine payment amounts owed to the providers under Medicare law and regulatory guidelines published by CMS. 42 U.S.C. § 1395h, 42 C.F.R. §§ 413.20, 413.24.

13. At the end of its fiscal year, the provider must submit a cost report to the fiscal intermediary, showing the costs incurred during the fiscal year and the portion of those costs which it claims should be allocated to Medicare. 42. C.F.R. § 413.20.

14. The fiscal intermediary then reviews the cost report, decides the total amount of Medicare reimbursement due the provider and issues a Notice of

Program Reimbursement ("NPR"). 42 C.F.R. § 405.1803.

15. Providers designated as Critical Access Hospitals will be paid reasonable costs for services to Medicare beneficiaries. 42 U.S.C. § 413.70. Reasonable cost is defined as "the actual cost incurred but excluding any part of such costs found to be unnecessary in the efficient delivery of needed health services." 42 U.S.C. § 1395x(v)(1)(A).

16. Reasonable costs include all "necessary and proper" costs incurred in furnishing healthcare services. 42 C.F.R. § 413.70.

## ST. LUKE COST REPORT FOR CERTIFIED REGISTERED NURSE ANESTHETIST ("CRNA")

17. During its cost reporting period ending December 31, 2004, St. Luke provided CRNA services to Medicare beneficiaries through a contract with an outside supplier. St. Luke submitted those costs in its cost report.

18. Noridian reviewed the CRNA contract under which the services were provided, and determined that some of the costs associated with CRNA services were for "on-call" services, and Noridian disallowed those costs <u>in the amount of $155,750, which resulted in a net reimbursement loss of approximately $29,697</u>.

19. In part, Noridian relied on 42 C.F.R. § 413.70, which governs on-call emergency room physicians, to disallow the CRNA costs.

20. St. Luke timely appealed the intermediary's decision to the PRRB, which reversed the disallowance in its February 25, 2009 Decision and Order

(PRRB Dec. No. 2009-D09).

21. The PRRB found that 42 C.F.R. § 413.70 did not apply to CRNA services, and instead found that 42 C.F.R. § 412.113(c) allowed a CAH to use CRNA services and to be paid on a reasonable cost basis.

22. The intermediary, with Defendant BCBS apparently now representing its interests, requested a review by the CMS Administrator, who reversed the PRRB decision in an order dated April 23, 2009. This order was received by St. Luke on April 29, 2009.

23. The Administrator found that costs for availability of any personnel other than physicians were not allowable, and held that the PRRB decision was improper.

## COUNT I—ARBITRARY AND CAPRICIOUS AGENCY ACTION

24. The foregoing paragraphs are incorporated as if fully stated herein.

25. The Administrator and the Intermediaries have acted arbitrarily and capriciously by seeking the reversal of, and reversing, the determination of the PRRB that St. Luke was entitled to be reimbursed for the reasonable costs of its CRNA contract, including on-call or standby costs.

26. The Administrator abused her discretion by reversing the findings of the PRRB.

WHEREFORE, St. Luke respectfully requests that this Court:

1. Declare the Administrator's Decision unsupported by applicable law and regulations and reverse the Decision in its entirety;

2. Order full payment of St. Luke's claimed CRNA reimbursement costs and any interest which would have accrued;

3. Order payment of attorney fees and costs incurred by St. Luke, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

4. Any other such relief as this Court deems just and proper.

DATED this 15th day of July, 2009.

          /s/   Kathleen L. DeSoto
Kathleen L. DeSoto
Attorney for Plaintiff